UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GUILLERMO OLVERA,<br><br>                    Plaintiff,<br><br>v.<br><br>CITIBANK, N.A., ARS NATIONAL SERVICES, INC., et al.<br><br>                    Defendants. | Case No.: 3:25-cv-00789-H-AHG<br><br>**ORDER RESOLVING OPPOSED JOINT MOTION AND DENYING DEFENDANT CITIBANK'S MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE**<br><br>**[ECF No. 31]** |
|---|---|

      Before the Court is the parties' Opposed Joint Motion regarding the Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC") currently set for June 24, 2025. ECF No. 31. Defendant Citibank, N.A. ("Citibank") seeks an order from the Court continuing the ENE and CMC, which Defendant ARS National Services, Inc. ("ARS") joins. Plaintiff Guillermo Olvera ("Plaintiff") opposes the request.

      Parties seeking to continue an ENE must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

The ENE and CMC in this case are set for June 24, 2025. ECF No. 18. The parties' Confidential ENE Statements, participant lists, and initial disclosures were due on June 17, 2025. *Id.* at 2, 3, 5–6. Here, on June 18, 2025,[1] the parties filed the instant opposed joint motion. ECF No. 31. Citibank contends that the ENE and CMC should be continued because its lead counsel, Brian Frontino, will be out of the country on vacation during the ENE. ECF No. 31 at 2; ECF No. 31-1 at 2. Citibank explains that, though the Order scheduling the ENE was issued in April and Mr. Frontino knew about his vacation conflict at that time,[2] Citibank did not seek a continuance and instead planned for another attorney to attend in his stead. ECF No. 31-1 at 2. However, Citibank represents that it has since realized that the Court's April 21, 2025, Order required the "principal attorney(s)

---

[1] Defendants filed their initial motion on June 17, 2025. ECF No. 29. Upon receiving a courtesy note from court staff that their motion did not comply with the Court's Chambers Rules, which require a joint motion, the parties jointly filed the instant motion on June 18, 2025. ECF No. 31; *see* ECF No. 30.

[2] The Court notes, though, that Defendant also refers to the scheduling conflict as "belatedly recognized." ECF No. 31-1 at 3.

responsible for the litigation" to attend the ENE. *Id*.; *see* ECF No. 18 at 1, 3–4, 5. Further, counsel notes that Citibank recently "confirmed that it wishes for me to be in attendance." ECF No. 31-1 at 2. ARS joins Citibank's request without comment, other than noting that "a continuance would better serve them as well." ECF No. 31 at 2. Citibank represents that Plaintiff had also agreed to join the continuance request, on the condition that the parties agree not to file any motions during the interim period before the rescheduled ENE. *Id*.; ECF No. 31-1 at 3. Citibank refused Plaintiff's request because it "would improperly restrict its ability to seek appropriate relief from the Court." ECF No. 31 at 2; *see* ECF No. 31-2 at 2–3. Plaintiff opposes Citibank's request. ECF No. 31 at 3. Plaintiff explains that he has "been looking forward to" the ENE and made sure to be available, reiterating that the ENE was scheduled months ago. *Id*. Plaintiff contends that Citibank's refusal to accept the condition of not taking further action during the interim period is unreasonable. *Id*. Plaintiff notes that he was simply requesting to preserve the status quo while Citibank's counsel was on vacation, seeking to reduce time and expenses on the matter before the settlement conference. *Id*.; ECF No. 31-2 at 2.

Upon due consideration, the Court does not find good cause to grant a continuance of the ENE. The Court finds that Citibank has not been diligent.[3] First, the Order setting the ENE was issued on April 18, 2025, yet Citibank did not request a continuance until two months later, on the eve of the ENE. This oversight belies a finding of diligence. Second, the deadline for the parties to submit their ENE Statements and Participant Lists to the Court via email, and their initial disclosures to each other, was on June 17, 2025. Citibank has failed to comply with that deadline, as the Court still has not received either of its required confidential submissions. As such, Citibank did not "act[] diligently to meet the original deadlines set forth by the court." *Merck*, 2018 WL 4492362, at *2. Citibank's motion includes reasoning why it seeks a continuance of the ENE but does not seek to

---

[3] The Court also notes that Citibank should have been more reasonable about accommodating the request not to file motions in the interim.

continue the pre-conference deadlines, and makes no mention of any reason why those deadlines could not be met. *Compare* ECF No. 31 at 2 ("Citibank's lead counsel, Brian Frontino, will be out of the country <u>next week</u> on a vacation") *with* ECF No. 18 at 2, 3, 5–6 (pre-conference submissions due <u>this week</u>) (emphasis added).  Further, even if Citibank's motion included reasons why the pre-conference deadlines could not be met, the motion would still be deficient and belie a finding of diligence. By filing the motion <u>one day after</u>[4] the June 17, 2025, deadlines, Citibank failed to follow the Court's Chambers Rules. *See* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion <u>no less than seven calendar days before</u> the affected date") (emphasis added).

As such, the Court **DENIES** Citibank's Motion to Continue the ENE and CMC. ECF No. 31. The ENE and CMC will occur as scheduled on **June 24, 2025** at **2:00 p.m.** *via videoconference* before the Honorable Allison H. Goddard. Citibank must immediately upon receipt of this Order (and no later than **June 20, 2025**) comply with the pre-conference deadlines set forth in the Court's April 18, 2025, Order (ECF No. 18). The Court notes that Plaintiff and ARS have complied with the Court's April 18, 2025, Order, insofar as the confidential submission requirements. To the extent that Plaintiff or ARS have not complied with any other deadlines, such as the initial disclosure deadline, they must also immediately upon receipt of this Order (and no later than **June 20, 2025**) comply with that deadline.

**IT IS SO ORDERED**.

Dated:  June 19, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[4] The Court recognizes that Defendants filed their initial motion on June 17, 2025. ECF No. 29. Even if this motion had complied with the Court's joint motion requirement, the motion would still be untimely.